1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                         **DISTRICT OF NEVADA**
8
9   MICHAEL T. BOTELHO,                )
10                Petitioner,            )          3:08-cv-00399-LRH-RAM
                                         )
11  vs.                                  )
                                         )          <u>ORDER</u>
12  JAMES BENEDETTI, *et al.,*           )
                                         )
13                Respondents.           )
    _____/
14
15          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner,
16  a state prisoner, is proceeding *pro se*.  Pending before the court is respondents' motion to dismiss the
17  amended petition.  (Docket #20.)
18                         **PROCEDURAL HISTORY**
19          On July 22, 2008, the court received from petitioner a petition for writ of habeas corpus
20  which contained no claims.  (Docket #1-2.)  The court also received from petitioner a motion to file
21  additional grounds.  (Docket #1-3.)  On October 14, 2008, the court entered an order directing the
22  clerk to file the petition and motion to file additional grounds, and requiring petitioner to file an
23  amended petition.  (Docket #7.)  Petitioner filed his amended petition on December 16, 2008.
24  (Docket #15.)
25          On January 8, 2009, the court entered an order dismissing grounds 6 and 9 of the amended
26  petition and requiring respondents to file a response to the amended petition.  (Docket #16.)  On
27  April 8, 2009, respondents filed a motion to dismiss the amended petition.  (Docket #20.)
28  On May 28, 2009, petitioner filed a response to respondents' motion.  (Docket #28.)  Respondents

filed a reply on June 9, 2009 (Docket #29), to which petitioner filed a response on June 17, 2009 (Docket #30).

**LEGAL STANDARDS**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. *Williams v. Taylor*, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in *Van Tran v. Lindsey*, 212 F.3d 1143 (9th Cir. 2000)); *Williams v. Taylor*, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Lockyer*, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are

1   constitutionally protected, *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

2   *Harris v. Nelson*, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

3   conviction is the primary method for a petitioner to challenge that conviction.  *Brecht v.*

4   *Abrahamson*, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

5   determinations must be presumed correct, and the federal court must accept all factual findings made

6   by the state court unless the petitioner can rebut "the presumption of correctness by clear and

7   convincing evidence."  28 U.S.C. § 2254(e)(1); *Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769

8   (1995); *Thompson v. Keohane*, 516 U.S. 99, 116 S.Ct. 457 (1995); *Langford v. Day*, 110 F.3d 1380,

9   1388 (9th Cir. 1997).

10                                      **DISCUSSION**

11          Respondents move to dismiss the amended petition on two main grounds. First, respondents

12   contend that the claims in the amended petition are untimely because they do not relate back to

13   claims in a timely filed petition.  Second, respondents contend that all the claims in the amended

14   petition are unexhausted.  Because the court finds respondents' second contention to be meritorious,

15   the court finds it unnecessary to address the first contention.

16          A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

17   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

18   exhaustion doctrine is based on comity to the state court and gives the state court the initial

19   opportunity to correct the state's alleged constitutional deprivations.  *Coleman v. Thompson*, 501

20   U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198,

21   1203 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

22          A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

23   full and fair opportunity to consider each claim before presenting it to the federal court.  *Picard v.*

24   *Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir.

25   1996).  A federal court will find that the highest state court was given a full and fair opportunity to

26   hear a claim if the petitioner has presented the highest state court with the claim's factual and legal

27   basis. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); *Kenney v.*

28   *Tamayo-Reyes*, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner

1   must have specifically told the state court that he was raising a federal constitutional claim. *Duncan*,

2   513 U.S. at 365-66, 115 S.Ct. at 888; *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir.1998).  For

3   example, if a petitioner wishes to claim that the trial court violated his due process rights "he must

4   say so, not only in federal court but in state court." *Duncan*, 513 U.S. at 366, 115 S.Ct. at 888.  A

5   general appeal to a constitutional guarantee is  insufficient to present the "substance" of such a

6   federal claim to a state court.  *See*, *Anderson v. Harless*, 459 U.S. 4, 7, 103 S.Ct. 276 (1982)

7   (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an

8   argument might be "self-evident."); *Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S.Ct. 1074

9   (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional

10   guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

11          In the present case, petitioner states in his opposition to respondents' motion that his

12   appointed counsel refused to include his present claims in his state habeas corpus petition.  He also

13   asserts that the Nevada Supreme Court refused to allow him to file a supplemental *pro se* petition

14   raising these claims.  The court finds that petitioner has thus conceded that his claims are

15   unexhausted.

16          Under the AEDPA, exhaustion can be waived by the respondent. 28 U.S.C. § 2254(b)(C).

17   The court can also excuse exhaustion if "(I) there is an absence of available State corrective process;

18   or (ii) circumstances exist that render such a process ineffective to protect the rights of the

19   applicant." 28 U.S.C. § 2254(b)(1)(B).  In this case, respondents have not waived exhaustion.  In

20   addition, Nevada provides avenues for petitioner to pursue state claims.   For example, these claims

21   can be presented in a post-conviction petition for writ of habeas corpus, in which petitioner can

22   present his explanation for not having raised them in his earlier proceeding.  Finally, there are not

23   sufficient circumstances in this case for the court to ignore the United States Supreme Court's

24   admonishment that comity demands exhaustion and find that Nevada's corrective processes are

25   ineffective to protect petitioner's rights.

26          This court will not generally consider unexhausted claims to be exhausted on the ground that

27   the state courts will not consider the claims, i.e., the state court would find that the claims were

28   procedurally defaulted.  This is because Nevada courts may excuse procedural bars of untimely or

successive filings if a petitioner shows good cause and prejudice. Nev.Rev.Stat. §§ 34.726(1), 34.810(3).   Accordingly, the court finds that a Nevada state remedy is still available to petitioner and  returning to state court is not futile.

In his opposition to respondents' motion, petitioner asks the court for stay and abeyance of this case under  *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005).  Respondents oppose this request.  It is well established law in this circuit that a petition containing only unexhausted claims must be dismissed.  *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001), *cert. denied*, 538 U.S. 949 (2003); *Raspberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006).  Thus, to allow a petitioner to maintain an action containing only unexhausted claims would be directly contrary to controlling authority.  *See also*, 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455U.S. 509, 522, 102 S.Ct. 1198 (1982) (adopting a rule of "total exhaustion").  The court therefore denies petitioner's request for a stay pursuant to *Rhines v. Weber,* as this case contains only unexhausted claims.

Because respondents have moved for dismissal and the petition contains no exhausted claims, the court lacks jurisdiction and is obliged to dismiss the federal petition immediately. *See, Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir.2001), *cert. denied*, 538 U.S. 949 (2003); *Raspberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006).

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss is **GRANTED.** (Docket #20.)

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to allow petitioner to return to state court to exhaust his claims.  The clerk is directed to enter judgment accordingly and to close this case.

DATED this 26th day of October, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE